UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GARTNER, INC., <br><br>      Plaintiff, <br><br>v. <br><br>AON/ALBERT G. RUBEN INSURANCE SERVICES, INC., <br><br>      Defendant. | Case No. <br><br><br><br><br><br><br><br>JULY 22, 2022 |

## NOTICE OF REMOVAL

Defendant Aon/Albert G. Ruben Insurance Services, Inc. ("Aon"), pursuant to 28 U.S.C. §§ 1441 and 1446, hereby removes this action from the Connecticut Superior Court, Judicial District of Stamford/Norwalk at Stamford (the "State Court") to this Court. As grounds for removal, Aon states as follows:

    1.    Plaintiff Gartner, Inc. ("Gartner") commenced this action by serving Aon with a Complaint (the "Complaint," or "Compl.") on July 13, 2022. (A copy of the Complaint is attached).

    2.    Gartner's Complaint alleges that "[i]n related litigation pending in [the] United States District Court for the Southern District of New York, Gartner is pursuing claims against U.S. Specialty Insurance Company ('USSIC') and HCC Specialty Underwriters, Inc. ('Specialty') for breach of event cancellation insurance policies and additional extra-contractual claims" (the "SDNY Litigation"). Compl. ¶ 1. Specifically, Gartner alleges in the related SDNY Litigation, and in this case, that Aon assisted Gartner

in procuring two event cancellation policies issued by USSIC covering, among other things, losses arising from cancellations of events hosted by Gartner due to "communicable disease." *See* Compl. ¶¶ 2, 14.  Gartner alleges that each policy contains a "provision requiring USSIC, at Gartner's 'sole option' … to 'reinstate'" the annual aggregate limits of each policy, which, according to the Complaint, are $150,000,000 and $20,000,000, respectively.  *Id.* ¶¶ 2.  Gartner further claims that, after it was forced to cancel events as a result of the COVID-19 pandemic, it "demanded reinstatement of the Policies' aggregate limits," but USSIC and Specialty "refused to honor Gartner's demand to reinstate the Policies' limits," causing Gartner to suffer "enormous financial loss." *Id.* ¶ 6-7.

3. Although the related SDNY Litigation remains pending, Gartner initiated this separate action against Aon claiming that, if Gartner is unsuccessful in the SDNY Litigation, "then Aon is liable for Gartner's loss." *Id.* ¶¶ 60, 66, 71.  Gartner's Complaint here asserts causes of action against Aon for breach of contract, negligence, negligent misrepresentation, and breach of fiduciary duty.  *Id.* ¶¶ 54-71.  Gartner purports to seek recovery of amounts that, in Gartner's view, would be covered if its event cancellation policies provided for reinstatement of the aggregate policy limits, as Aon allegedly "represented to Gartner that they would." *Id.* ¶¶ 56, 60, 66, 71.  According to Plaintiffs' Complaint, such amounts are far in excess of $75,000, exclusive of interest and costs.  Aon denies Gartner's allegations and denies that it is liable to Gartner in any respect.

4. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because this action is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. Plaintiff Gartner, Inc. is, according to the Complaint, a Delaware corporation with a principal place of business in Stamford, Connecticut and is therefore a citizen of Delaware and Connecticut.  Compl. ¶ 8.

6. Defendant Aon/Albert G. Ruben Insurance Services, Inc. is a California corporation with a principal place of business in Illinois and is therefore a citizen of California and Illinois.  *Id.* ¶ 9.

7. The amount in controversy, exclusive of interest and costs, exceeds $75,000.  As set forth above, Gartner alleges that it is entitled to reinstatement of the annual aggregate limits of each of its two event cancellation insurance policies, which are $150,000,000 and $20,000,000, respectively.  Gartner further alleges that it has "suffered enormous financial loss" and that, if the policies do not provide for reinstatement of the aggregate policy limits, then Aon is liable for the resulting shortfall in Gartner's coverage for its alleged COVID-19 related losses.  Gartner thus seeks damages from Aon in excess of $75,000, exclusive of interest and costs.

8. This Court therefore has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and removal of this action to this Court is proper pursuant to 28 U.S.C. §§ 1441 and 1446.

9. This Notice of Removal is timely because it has been filed within thirty (30) days of July 13, 2022, the date on which Aon was served with the Complaint.  28 U.S.C. § 1446(b)(1).

10. Venue is proper because the District of Connecticut embraces Stamford, Connecticut, where this action is pending.  *See* 28 U.S.C. §§ 86; 1441(a).

11. Aon will promptly give written notice of the filing of this Notice of Removal and will file a copy of this Notice of Removal with the Clerk of the State Court pursuant to 28 U.S.C. § 1446(d).

12. Copies of all process, pleadings, and orders served upon Aon are annexed hereto as Exhibit A, pursuant to 28 U.S.C. § 1446(a).

DEFENDANT,
AON/ALBERT G. RUBEN INSURANCE SERVICES, INC.

By  /s/ Philip T. Newbury, Jr.
Philip T. Newbury, Jr. (ct05283)
Christopher M. Vossler (ct00373)
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT  06114-1121
(860) 249-1361
(860) 249-7665 (Fax)
Juris No.:  28228
E-mail:  pnewbury@hl-law.com
E-mail:  cvossler@hl-law.com

*Of Counsel:*
Robert B. Ellis, P.C.
Michael S. Biehl
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
E-mail:  robert.ellis@kirkland.com
E-mail:  michael.biehl@kirkland.com

**CERTIFICATION**

This is to certify that on **July 22, 2022**, a copy of the foregoing **Notice of Removal** was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

Andrew M. Zeitlin, Esquire
Tracy Ellis Williams, Esquire
Shipman & Goodwin LLP
300 Atlantic Street, Third Floor
Stamford, CT  06901
azeitlin@goodwin.com

David S. Mackey
Tamara S. Wolfson
Anderson & Kreiger, LLP
50 Milk Street, 21st Floor
Boston, MA  02109

                                                                                      ___/s/ Philip T. Newbury, Jr._____
                                                                                      Philip T. Newbury, Jr.